BROWN, Chief Judge.
| defendant, Oscar K. James, conditionally pled guilty to possession of cocaine with intent to distribute. He reserved his right to appeal the trial court’s denial of his motion to suppress evidence seized from his vehicle and his confession. See State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced to 20 years at hard labor, with the first two years to be served without benefit of parole. In addition to the denial of his motion to suppress, defendant appeals his sentence as excessive. We affirm defendant’s conviction and sentence.

Discussion

Motion to Suppress

Defendant moved to suppress the cocaine seized from his vehicle and the confession that followed as fruits of an illegal stop and arrest.
On the morning of August 4, 2006, Lt. Mike Rowland and Agent Passman with the Metro Narcotics Unit in Monroe drove in an unmarked Ford Mustang to the homeless shelter in the 800 block of DeS-iard Street. They saw defendant, who was driving a maroon Grand Prix, turn into the alley next to the shelter and park. The officers pulled in behind defendant. Lt. Rowland walked to the driver’s side of defendant’s car and Agent Passman went to the passenger side. Lt. Rowland, who was dressed in street clothes, carried his handgun at his side. His intent was to arrest defendant for a drug sale to Lt. Rowland two days earlier (August 2, 2006). As Lt. Rowland approached the driver’s side of the vehicle, he observed defendant’s hand down in the area between the door and the driver’s seat. Lt. Rowland ordered defendant to place his hands on the steering wheel and 1 ?had Agent Passman call for back-up. Because defendant was a large man weighing over 300 pounds, Lt. Rowland did not have defendant get out of the car until back-up units arrived. While waiting for the back-up units to arrive, Lt. Rowland looked into the car in the area where defendant was reaching and observed a clear cellophane bag containing white rocks that appeared to be crack cocaine. At this point, Lt. Rowland advised defendant of his Miranda rights. After back-up units arrived at the scene, Lt. Rowland instructed defendant to exit the car and asked defendant for his consent to search the vehicle. Defendant responded affirmatively, and Lt. Rowland retrieved the bag of cocaine which contained 40 to 50 rocks. Defendant told Lt. Rowland that the crack cocaine belonged to him. Defendant stated that his passenger had nothing to do with the cocaine and she was released after her handbag was searched.
*803 Defendant was arrested and transported to the offices of the Metro Narcotics unit. Lt. Rowland testified that he advised defendant of his Miranda rights again and took a video, recorded statement from defendant in which defendant confessed to selling crack cocaine for about a year and gave the names of other drug dealers.
In explaining why he arrested defendant, Lt. Rowland testified as to the events that had occurred two days earlier. After being advised by informants and a volunteer employee of the homeless shelter that drugs were being sold in the area around the shelter, Lt. Rowland began an undercover operation to buy drugs. In particular, on August 2, 2006, he made contact with Christian Bilberry, a female whose street name was |s“Mississippi,” to purchase a rock of crack cocaine. Lt. Rowland stated that while he was sitting in his vehicle, he observed “Mississippi” walk to a picnic table about 10 to 12 feet from Lt. Rowland and obtain the crack cocaine from defendant. When “Mississippi” returned to him with the cocaine, he handed her a twenty-dollar bill, and as he was driving off, he observed “Mississippi” hand the money to defendant. Lt. Rowland stated that he was personally familiar with defendant as he had dealt with him previously. Lt. Rowland also testified that he saw a maroon Grand Prix parked in the alley in close proximity to defendant. A check of the license plate showed that the car was registered to defendant. No arrest was made at this time as Lt. Rowland was still working the area.
Defendant argues that the officers acted unreasonably in deciding to arrest him on August 4, 2006. According to La. C. Cr. P. art. 213, a law enforcement officer may arrest a person without a warrant when that officer has “reasonable cause” to believe that the person to be arrested has committed an offense. State v. Hathaway, 411 So.2d 1074 (La.1982). The Louisiana Supreme Court has defined “reasonable cause” similarly to “probable cause” by stating that “[reasonable cause for an arrest exists when facts and circumstances known to- the arresting officer and of which he has reasonable trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime.” Id.; State v. Smith, 42,089 (La.App.2d Cir.06/20/07), 960 So.2d 369.
LContrary to defendant’s argument, this was not a stop of a moving vehicle. His automobile was parked in an alleyway behind the shelter. The officers had concluded their undercover operation and went back to the area at which time they recognized defendant and his automobile. Defendant had been involved in a drug sale two days earlier in the same area. Lt. Rowland had probable cause to arrest defendant for the crime committed two days earlier. Lt. Rowland testified that two days earlier, he had personally observed the exchange of drugs and currency between defendant and “Mississippi” in the same location. Moreover, Lt. Rowland stated that he had started his undercover actions in July and had made many buys. Throughout this period he saw defendant and believed that defendant was the main supplier of cocaine in the area. Lt. Rowland knew from his investigation that defendant came to the area in the morning and stayed until 2:00 or 3:00 p.m. The circumstances set forth in the record support the conclusion that Lt. Rowland had probable cause to arrest defendant for the sale of cocaine two days earlier. When Lt. Rowland observed defendant’s hand reaching down between the seat and door, he was justified to react to protect himself from possible harm. He ordered defendant to put his hands on the steering wheel and looked at the area where defen *804 dant was reaching. It was then that the officer saw what appeared to be contraband drugs.
When a police officer has made a lawful custodial arrest of an occupant of an automobile, the officer may search the passenger compartment of that vehicle as a contemporaneous incident of arrest and as an exception to the warrant requirement. Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004); State v. Canezaro, 07-668 (La.06/01/07), 957 So.2d 136; State v. Warren, 05-2248 (La.02/22/07), 949 So.2d 1215.
Defendant not only consented to the search of his vehicle, but admitted to the officers that the crack cocaine belonged to him. There is no evidence that defendant was coerced, threatened, misled or mistreated in any manner. Further, nothing in the record indicates that defendant did not understand what he was doing or that his actions were not voluntary.
In summary, probable cause existed to arrest defendant, the ensuing search of defendant’s vehicle and seizure of the crack cocaine were incidental to a lawful arrest, and defendant’s statements were free and voluntary. Thus, the trial court properly denied defendant’s motion to suppress.

Excessive Sentence

A trial court has broad discretion to sentence within the statutory limits. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of La. C. Cr. Art. 894.1. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939.
The trial court complied with La. C. Cr. P. art. 894.1 in the imposition of defendant’s sentence. The trial court reviewed a pre-sentence investigative report which showed the defendant’s age, limited employment | ^record, drug addiction, and his allegation that he was only a street dealer. The pre-sentence investigation report also detailed defendant’s lengthy criminal history. The court noted that defendant had four prior felony convictions for offenses including simple burglary, forgery, and distribution of cocaine. The trial court also noted that defendant had received the benefit of probated sentences in the past and was on supervised probation when he committed the instant offense.
Defendant’s sentence is not too severe given the circumstances of the case and defendant’s criminal history. Defendant benefitted from a plea agreement in which the state agreed not to prosecute him on habitual offender charges.

Conclusion

For the foregoing reasons, defendant’s conviction and sentence are affirmed.