BROWN, Chief Judge.
 

 | defendant, Fernando Peralta Diaz, pled guilty to possession of more than 28 grams of a Schedule II controlled dangerous substance, cocaine, a violation of La. R.S. 40:967(F)(l)(a). He was sentenced to 10 years at hard labor and fined $50,000.00. Asserting that this sentence is excessive, defendant now appeals. We affirm.
 

 Discussion
 

 The penalty for possession of cocaine in excess of 28 grams is set forth in La. R.S. 40:967(F)(l)(a), and it states:
 

 Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or of a mixture or substance
 
 *229
 
 containing a detectable amount of cocaine or of its analogues as provided in Schedule 11(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.
 

 On April B, 2010, defendant, Fernando Peralta Diaz, an illegal alien from Mexico, was stopped by Bossier City Police Officer Randy Adams after he was observed driving in a reckless manner. Officer Adams noticed that Diaz appeared to be under the influence of a substance other than alcohol. Officer Adams sealed the vehicle and called for a K-9 unit. The K-9 immediately alerted the officers to the center ashtray and glove box of Diaz’s vehicle, where a bag of cocaine, seven smaller baggies of cocaine, and several empty baggies were located. In all, the search of Diaz’s car revealed approximately 36 grams of cocaine. Diaz was arrested. An amended bill of information was filed charging Diaz with violating La. R.S. | g40:967(F)(l)(a), possession of a Schedule II controlled dangerous substance, cocaine, with the weight being in excess of 28 grams.
 

 Diaz did not speak English and an attorney was appointed to represent him. An interpreter always appeared in court to translate for Diaz. On June 29, 2010, Diaz, through the interpreter, pled not guilty to the charge. On July 21, 2010, however, Diaz changed his plea to guilty of possession of cocaine of over 28 grams. At the guilty plea hearing, the trial judge specifically asked defendant, through his interpreter, if the sentencing range had been discussed with him, and he replied that it had. The trial judge also asked Diaz if he understood that if he pled guilty the trial judge would determine the appropriate sentence, and defendant again indicated that he understood. The trial judge accepted defendant’s guilty plea and ordered a pre-sentence investigation report.
 

 At sentencing on October 27, 2010, the trial judge stated that he had “reviewed that pre-sentence investigation in accordance with the guidelines set forth in Louisiana Code of Criminal Procedure Article 894.1.” In particular, the PSI revealed that Diaz was 30 years old; he was born in Mexico, but had lived illegally in the United States for eleven years; he had been arrested in Dallas, Texas, on misdemeanor theft; he used marijuana, cocaine and drank alcohol; he had a third grade education; he was not married and had no children; and he would occasionally work framing houses or building fences. The trial judge also noted that the PSI showed that there was a federal detainer on defendant because he is an illegal alien.
 

 |o,The trial judge sentenced defendant to a term of imprisonment of 10 years at hard labor, and imposed the minimum fine of $50,000, which sentence was to be served consecutively to any sentence defendant was currently serving.
 

 On November 22, 2010, defendant filed a pro se motion to reconsider sentence; that same day, his newly retained attorney also filed a motion to reconsider sentence. Defendant’s pro se motion to reconsider argued that he did not understand that by entering a plea of guilty he would be sentenced to 10 years at hard labor as a first offender. He stated that he can afford an attorney of his own, wanted a hearing to argue the merits of his claim that he did not understand the proceeding before the court, and that the court’s 10-year sentence was excessive. In his motion to reconsider, Diaz’s attorney alleged that the sentence was excessive considering the facts of the offense, defendant’s age, and other mitigating factors that “were considered or should have been considered” by
 
 *230
 
 the trial court. Both motions to reconsider were denied.
 

 Diaz asserts that he is a first-time felony offender and he was not involved in a crime of violence. He did not contemplate that his conduct would cause or threaten serious harm and he was not engaged in the distribution or attempted distribution of the cocaine.
 
 [1]
 
 Considering these factors, Diaz believes imposition of the minimum sentence of five years at hard labor would be sufficient to punish him for this offense.
 

 |/Die record reflects that the trial judge reviewed the PSI and took cognizance of the factors expressed in La. C. Cr. P. Art. 894.1 prior to his sentencing defendant. The articulation of a factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Landos,
 
 419 So.2d 475 (La.1982).
 

 The trial judge sentenced Diaz to a prison term much less than the maximum allowed. The trial judge noted defendant’s illegal status and his belief that “without a period of incarceration ... Mr. Diaz would likely reoffend and remain in the United States illegally.” A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158;
 
 State v. James,
 
 42,976 (La.App.2d Cir.02/13/08), 975 So.2d 801.
 

 Considering the facts, the trial court’s wide sentencing discretion and the potential sentencing range of five years to 30 years, a sentence of 10 years is not grossly disproportionate to the crime, nor a shock to the sense of justice.
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980).
 

 Conclusion
 

 For the foregoing reasons, defendant’s conviction and sentence are
 

 AFFIRMED.
 

 [1]
 

 . We note that a significant amount of the cocaine seized was found to be individually packaged in small baggies, which is common when cocaine is packaged for resale.