Judgment rendered March 9, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,264-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

MARQUISE JAMAL JONES                     Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 345,115

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Peggy J. Sullivan

JAMES E. STEWART, SR.                     Counsel for Appellee
District Attorney

ALEXANDRA L. PORUBSKY
SAMUEL S. CRICHTON
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *

Before PITMAN, THOMPSON, and HUNTER, JJ.

**HUNTER, J**.

The defendant, Marquise Jones, was charged by amended bill of information with molestation of a juvenile under age 13, a violation of La. R.S. 14:81.2. After a jury trial, defendant was found guilty as charged by unanimous verdict. Defendant was sentenced to 40 years' imprisonment with the first 25 years to be served without benefit of parole, probation or suspension of sentence. Defendant was notified in writing of the sex offender registration requirements and his motion to reconsider sentence was denied. Defendant appeals his conviction and sentence. For the following reasons, we affirm defendant's conviction and sentence.

## FACTS

The record shows that in August 2016, T.C., who was five years old, complained of vaginal pain to her grandmother, M.J., while taking a bath. T.C. said defendant was her abuser. The next day, T.C. was examined by a pediatrician, Dr. Sheyenne Carper, who found that the child had contracted the sexually transmitted disease of chlamydia.

In September 2016, T.C. was interviewed at the Gingerbread House by Alex Person. Using an anatomical drawing, T.C. was able to identify different parts of the body and referred to her vaginal area as her "noonie." During the conversation, T.C. indicated she had been touched on her vagina and when asked who had touched her there, T.C. replied "Marquise did." T.C. then told the interviewer defendant put his "thing" in her noonie. Using another drawing, T.C. identified defendant's thing as his penis. T.C. stated defendant committed this act at "Hotdog's house." Subsequently, defendant was questioned by police and charged with molestation of a juvenile.

At trial, Shreveport Police Detective Gilbert Monereau testified that he questioned defendant, who admitted to getting treatment for chlamydia and to bringing the children to Hotdog's house when they were in his care. Defendant testified he had not been treated for chlamydia and denied sexually abusing T.C. After hearing the evidence, the jury unanimously found defendant guilty as charged. The trial court sentenced defendant to serve 40 years at hard labor with the first 25 years to be served without benefit of parole, probation or suspension of sentence and denied defendant's motion to reconsider sentence. This appeal followed.

**DISCUSSION**

The defendant contends the evidence presented was insufficient to support a conviction of molestation of a juvenile under age 13. Defendant argues the state failed to prove defendant's guilt because the victim's testimony was unreliable and there was no corroboration of his alleged statement to the police.

In assessing the sufficiency of the evidence, a reviewing court must consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Leger*, 2017-2084 (La. 6/26/19), 284 So. 3d 609; *State v. Frost*, 53,312 (La. App. 2 Cir. 3/4/20), 293 So. 3d 708, *writ denied*, 2020-00628 (La. 11/18/20), 304 So. 3d 416. The appellate court does not assess the credibility of witnesses or reweigh evidence, and accords great deference to the trier of fact's decision to accept or reject witness testimony in whole or in part. *State v. Frost, supra*. Where there is conflicting testimony about factual matters,

2

the resolution of which depends upon a determination of the credibility of the witnesses, the issue is the weight of the evidence, not its sufficiency. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Gullette*, 43,032 (La. App. 2 Cir. 2/13/08), 975 So. 2d 753. This principle is equally applicable to victims of sexual assault; such testimony alone is sufficient even when the state offers no medical, scientific or physical evidence to prove the commission of the offense by the defendant. *State ex rel. P.R.R., Jr.*, 45,405 (La. App. 2 Cir. 5/19/10), 36 So. 3d 1138.

Molestation of a juvenile is the commission of a lewd or lascivious act by anyone over age 17 upon the person of a child under age 17, where there is an age difference greater than two years between the persons, with the intention of arousing the sexual desire of either person by the use of influence gained from a position of control or supervision over the juvenile. La. R.S. 14:81.2.

In this case, M.J. testified her adult daughter, also with the initials T.C., is the mother of two children, the victim and her brother. M.J. stated when the child, T.C., complained of vaginal discomfort in August 2016, she asked T.C. if anyone had been "tampering" with her private area and the child named defendant, the former boyfriend of the child's mother. M.J. testified she took T.C. to the doctor for a medical exam the next day.

Dr. Sheyenne Carper, a pediatrician, testified she saw T.C. on August 11, 2016, with a complaint of vaginal irritation. Dr. Carper stated after being examined the child said defendant "put his thing" in her private area.

3

Dr. Carper testified T.C. tested positive for chlamydia, a sexually transmitted disease ("STD"), which confirmed her report of abuse.

T.C. testified she is the mother of a daughter, T.C., and a son, who were currently in the custody of their grandmother. T.C. stated she was incarcerated at the time of trial for an unrelated offense. T.C. testified defendant was her former boyfriend and he lived with her and the children for approximately two years. T.C. stated the children were often left in defendant's supervision when she was working. T.C. testified she contracted chlamydia during her relationship with defendant when he was her only sexual partner.

Gilbert Monereau, a detective with the Shreveport Police, testified that in August 2016, he received a report of sexual abuse of a 5-year-old girl, T.C., who had contracted an STD. Det. Monereau stated he scheduled an interview for the child at Gingerbread House on September 13, 2016, and observed the interview via closed-circuit television. Det. Monereau testified he contacted defendant for questioning in November 2016. Det. Monereau stated after being advised of his Miranda rights, defendant waived his rights and agreed to answer questions. Det. Monereau testified defendant said he lived with T.C., the mother of the victim, and her children from 2012 to 2014. Det. Monereau stated defendant said when babysitting he sometimes took the children with him on visits to the house of his friend, Torey Ferguson, who was called "Hotdog." Det. Monereau testified defendant acknowledged previously being treated for chlamydia. Det. Monereau stated his interview with defendant was not recorded because of a machine malfunction.

The victim, T.C., testified she was 10 years old at the time of trial and she knew the difference between telling the truth and a lie. T.C. stated she was 5 years old when she spoke with a lady at the Gingerbread House about her problem with defendant. The video recording of the interview in which the child described defendant's act of sexual abuse was played for the jury and admitted into evidence. T.C. testified she told the interviewer the truth about the abuse committed by defendant.

The defendant, Marquise Jones, testified he did not molest T.C. and did not give her chlamydia. Defendant stated he was 38 years old at the time of trial, he was the father of a teenage daughter, he had finished twelfth grade and worked in a landscaping business. Defendant testified he told Det. Monereau about being previously treated for an STD, but it was gonorrhea. Defendant stated he lived with the victim's mother from 2012 to 2014 and he supervised the children while their mother was working. Defendant testified he did not tell the police he took the children to Hotdog's house while babysitting and did not say he had tested positive for chlamydia. Defendant acknowledged he had been previously convicted of simple burglary, domestic abuse battery and the federal crime of felon in possession of a firearm.

On rebuttal, M.J. testified she was sure she had once picked up T.C. and her brother from Hotdog's house on Woodrow Street. Det. Monereau testified defendant said in the interview he had taken T.C. and her brother to the house of his friend, Hotdog, while babysitting and he had tested positive for chlamydia. Det. Monereau stated the child, T.C., was the first person to identify defendant as the perpetrator of the sexual abuse and she never named any other potential perpetrator during the investigation of the crime.

5

After reviewing this record, we find the state presented sufficient evidence to prove beyond a reasonable doubt that defendant committed the offense of molestation of a juvenile. The state established the child was 5 years old when she told her grandmother and investigators defendant had sexually abused her and the defendant was over 30 years old at the time of the offense. From the circumstances shown, the jury could find defendant intended to obtain sexual arousal from performing the sex act. In addition, the evidence shows defendant committed the crime while babysitting T.C., placing him in a position of supervision over the child. The record further demonstrates although T.C. was only 5 years old at the time of the crime, she consistently named defendant as the person who sexually abused her.

The jury viewed the child's Gingerbread House interview, heard the witnesses and reasonably accepted the testimony of T.C. and Det. Monereau as more credible than defendant's version of events. Based upon this record, the state presented ample evidence to support defendant's conviction of molestation of a juvenile under age 13. Thus, the assignment of error lacks merit.

*Sentencing*

In two assignments, defendant contends the trial court erred in imposing an excessive sentence. He argues the trial court failed to give an adequate factual basis for the sentence imposed and the record supports a less harsh sentence.

An appellate court uses a two-pronged test to determine whether a sentence is excessive. First, the record must show the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as

6

the record reflects adequate consideration of the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 2016-0959 (La. 5/1/17), 219 So. 3d 332. Articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with the article. *State v. Lanclos*, 419 So. 2d 475 (La. 1982). The elements which should be considered include the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, the seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981).

The trial court is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of this discretion. *State v. Williams*, 2003-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Diaz*, 46,750 (La. App. 2 Cir. 12/14/11), 81 So. 3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams, supra*; *State v. Free*, 46,894 (La. App. 2 Cir. 1/25/12), 86 So. 3d 29.

Second, this court must determine whether the sentence is constitutionally excessive. A sentence can be constitutionally excessive, even when it falls within statutory guidelines if: (1) the punishment is so grossly disproportionate to the severity of the crime that, when viewed in light of the harm done to society, it shocks the sense of justice; or (2) it serves no purpose other than to needlessly inflict pain and suffering. *State v.*

*Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Weaver*, 2001-0467 (La. 1/15/02), 805 So. 2d 166.

The penalty for the crime of molestation of a juvenile when the victim is under the age of 13 is imprisonment for not less than 25 years nor more than 99 years. At least 25 years of the sentence shall be served without benefit of parole, probation or suspension of sentence. La. R.S. 14:81.2(D).

In the present case, the trial court sentenced defendant to serve 40 years at hard labor with 25 years to be served without benefit of parole, probation or suspension of sentence and ordered him to complete a sex offender program during his incarceration. The trial court noted its review of defendant's sentencing statement prior to imposing sentence.

Additionally, the trial court stated the sentence was based upon the gravity of the offense, the young age of the minor victim and defendant's criminal history. This statement reflects the trial court's consideration of the Article 894.1 factors concerning defendant's knowledge of the child's particular vulnerability and the significant harm inflicted on the child. Further, the trial court found a lesser sentence would deprecate the seriousness of defendant's crime. This record reflects the trial court adequately considered the guidelines of Article 894.1.

The defendant's criminal record demonstrates he has prior felony convictions, which would have increased his sentencing exposure if the state had filed a multiple offender bill of information. In addition, defendant benefitted from the trial court's decision to impose only the mandatory minimum requirement that 25 years of the sentence be served without parole, probation or suspension of sentence.

8

Although the trial court did not expressly reference defendant's personal history at the time of sentencing, we note the court was made aware of his age, his child and his work history from the defendant's trial testimony. Considering the circumstances of this case, in which defendant abused his role of care giver to commit the offense, the 40-year sentence does not shock the sense of justice.

The sentence imposed is proportionate to the egregious nature of defendant's crime of sexually abusing a 5-year-old child who was entrusted to his care. Based upon this record, we cannot say the trial court abused its discretion in imposing this midrange sentence, which appropriately reflects the severity of defendant's crime. Thus, the assignments of error lack merit.

## CONCLUSION

For the foregoing reasons, the defendant's conviction and sentence are affirmed.

**AFFIRMED.**