Judgment rendered May 25, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,484-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JOHNATHAN GUICE                             Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. F-2020-39

Honorable John Clay Hamilton, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Edward Kelly Bauman

PENNY WISE DOUCIERE                  Counsel for Appellee
District Attorney

KENNETH DOUGLAS WHEELER
Assistant District Attorney

* * * * *

Before PITMAN, HUNTER, and MARCOTTE, JJ.

**HUNTER, J.**

The defendant, Johnathan Guice, was charged by bill of indictment with second degree murder and conspiracy to commit armed robbery. Defendant agreed to plead guilty to the amended charges of manslaughter, a violation of La. R.S. 14:31, and attempted armed robbery, a violation of La. 14:27 and 14:64, in return for a cap of 55 years for the combined sentences, which would run consecutively. The trial court sentenced the defendant to serve consecutive sentences of 40 years for the manslaughter conviction and 15 years for the attempted armed robbery conviction. Defendant appeals the sentence imposed for manslaughter as excessive. For the following reasons, we affirm.

## FACTS

The record shows that in January 2020, deputies of the Richland Parish Sheriff's Office responded to a report of a shooting at a residence in Rayville. At the scene, deputies found the body of Charley Island, who had been killed by a gunshot wound to his chest. During the investigation, police learned defendant and Desi Dowles had gone to Island's residence planning to rob him with a firearm. In a statement and a letter to police, defendant claimed Dowles had shot and killed Island during the robbery. However, Dowles accused defendant of shooting the victim. Defendant was charged with second degree murder and conspiracy to commit armed robbery.

At the guilty plea hearing, the trial court asked defendant if he had ever been examined by a doctor for his mental health and defendant said yes, but he was able to understand the proceedings and his plea agreement. Defendant also said he understood the rights stated by the court and that he

was waiving those rights by pleading guilty. After speaking with defendant, the trial court found him competent to waive his constitutional rights and plead guilty. Under the plea agreement, defendant pled guilty to the amended charges of manslaughter and attempted armed robbery in return for a sentencing cap of 55 years with the sentences to run consecutively. A presentence investigation (PSI) was ordered and reviewed by the court.

At the sentencing hearing, defendant's attorney noted the PSI report did not include defendant's medical and mental health records. The defense attorney asserted any mental health issues should be considered as a mitigating factor. However, defense counsel did not request a continuance or present any medical records for the trial court's consideration. The trial court sentenced defendant to serve 40 years for the manslaughter conviction and 15 years for attempted armed robbery, with the sentences to run consecutively. Defendant's motion to reconsider the sentence was denied. This appeal followed.

**DISCUSSION**

The defendant contends the trial court erred in imposing an excessive 40-year sentence for the manslaughter conviction. He argues a less harsh sentence is supported by mitigating factors, which the trial court failed to consider.

An appellate court uses a two-pronged test to determine whether a sentence is excessive. First, the record must show the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. DeBerry*, 50,501 (La.

2

App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 2016-0959 (La. 5/1/17), 219 So. 3d 332.  Articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions.  *State v. Lanclos*, 419 So. 2d 475 (La. 1982).  The elements which should be considered include the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, the seriousness of the offense, and the likelihood of rehabilitation.  *State v. Jones*, 398 So. 2d 1049 (La. 1981).

The trial court is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of this discretion.  *State v. Williams*, 2003-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Diaz*, 46,750 (La. App. 2 Cir. 12/14/11), 81 So. 3d 228.  On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.  *State v. Williams, supra*; *State v. Free*, 46,894 (La. App. 2 Cir. 1/25/12), 86 So. 3d 29.  When a defendant has received a reduction in the potential length of incarceration by a plea agreement, the trial court's discretion to impose the maximum sentence is enhanced.  *State v. Edwards*, 2007-1058 (La. App. 3 Cir. 3/12/08), 979 So. 2d 623.

Second, this court must determine whether the sentence is constitutionally excessive.  A sentence can be constitutionally excessive, even when it falls within statutory guidelines if: (1) the punishment is so grossly disproportionate to the severity of the crime that, when viewed in light of the harm done to society, it shocks the sense of justice; or (2) it serves no purpose other than to needlessly inflict pain and suffering.  *State v.*

3

*Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Weaver*, 2001-0467 (La. 1/15/02), 805 So. 2d 166.

The penalty for the crime of manslaughter is imprisonment for not more than 40 years. La. R.S. 14:31(B).

In the present case, defendant does not challenge his convictions or the sentence imposed for attempted armed robbery. Defendant asserts in his brief the 40-year sentence for manslaughter is excessive because the trial court erroneously believed defendant was the shooter.

We note in the discussion of the facts of the offenses, the trial court found defendant's conduct in committing the crimes manifested deliberate cruelty to the victim, who was shot and killed. Additionally, the trial court stated defendant "and your co-defendant" used a dangerous weapon during the offense and defendant knew using a firearm to commit the crime created a risk of serious injury or death. The transcript shows contrary to defendant's assertion, the trial court did not make an express finding defendant was the shooter but reasonably considered defendant's participation in the crime, which involved the use of a handgun, in imposing the sentence.

In his brief, defendant contends the trial court should have considered defendant's mental health history as a mitigating factor. However, the record contains only brief references to defendant's mental health at the time of the guilty plea and at sentencing.

Prior to accepting the guilty plea, the trial court asked defendant if a doctor had ever examined him for his mental health and defendant said yes. The trial court followed up and asked defendant "do you fully understand what we're doing today by taking your plea?" Defendant answered, "Yes, I

4

fully understand that." Defendant also stated he understood the crimes charged and the terms of his plea agreement with the state.

At the time of sentencing, the trial court asked defendant's attorney if there were any mitigating factors for the court to consider. The defense attorney stated the PSI report did not contain defendant's mental health records concerning issues "which he's been suffering from [for] a long time and I think that will work towards mitigating his capacity to commit these type [of] offenses." The defense counsel did not specify the nature of defendant's alleged mental health issues and did not present any corroborating medical records for the trial court to consider. The state responded any such issues regarding defendant were most likely related to his use of illegal drugs over a considerable time period and should not be considered as a mitigating factor. When the trial court asked defendant if he had anything to say about himself, defendant simply replied he "made a messed up decision" by participating in the crime.

Our review of the record demonstrates there was no showing defendant's mental ability was impaired or that he was unable to understand the consequences of his actions or the legal proceedings against him. The trial court was able to weigh the statements made regarding defendant's condition with its observations of defendant. Additionally, the trial court was not provided with any specific medical evidence to consider in determining the sentence. Based on the evidence presented, defendant's argument that the trial court should have considered his mental health as a mitigating factor lacks merit.

Prior to imposing sentence, the trial court reviewed the PSI report which shows defendant has a juvenile record, a prior felony drug conviction

in 2019 and a conviction for contributing to the delinquency of a minor in 2018. The court considered the facts of the offenses in light of the provisions of Article 894.1 and found defendant planned the crime and there were no grounds which would excuse defendant's conduct. Under Article 894.1, the trial court further found there was an undue risk defendant would commit another crime if not incarcerated because he was on probation when he committed the current offenses, defendant was in need of correctional treatment provided by commitment to an institution and a lesser sentence would deprecate the seriousness of these offenses.

The record demonstrates the trial court adequately considered the sentencing guidelines of Article 894.1 in determining the sentence. The trial court was aware of defendant's age and of his prior offenses committed as a juvenile. In addition, the trial court noted defendant is a second felony offender who committed the present offenses while on probation for a prior conviction. The trial court also considered defendant received a substantial benefit from the plea agreement by reducing his sentencing exposure from a mandatory life sentence for a second degree murder conviction. Under the circumstances of this case, the trial court acted within its discretion in imposing a sentence of 40 years for the manslaughter conviction.

The sentence imposed is proportionate to defendant's acts of planning and taking steps to commit a crime during which the unarmed victim was shot and killed in his residence. Based upon this record, we cannot say the trial court abused its discretion in imposing this sentence, which appropriately reflects the severity of defendant's crime and does not shock the sense of justice. Thus, the assignment of error lacks merit.

6

## CONCLUSION

For the foregoing reasons, the defendant's convictions and sentences are affirmed.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED.**