467 So.2d 1159 (1985)
STATE of Louisiana, Appellee,
v.
Bertha NELSON, Appellant.
No. 16741-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
*1160 Fred A. Coon, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Carl Parkerson, Dist. Atty., C. Lynn Tubb, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, SEXTON and NORRIS, JJ.
NORRIS, Judge.
While serving time in parish jail for an earlier forgery conviction, appellant Bertha Nelson was charged by an amended bill of information with five counts of forgery, LSA-R.S. 14:72. With the aid of appointed counsel, she pled not guilty on all counts and proceeded to a jury trial. At trial, the prosecution dropped one count and the jury acquitted her on another; on the remaining three counts, however, she was found guilty. The trial court sentenced her to six years at hard labor on each count, to run consecutively and to commence at the expiration of the earlier forgery sentence. This court granted her motion for an out-of-time appeal on 1 March 1984. In this appeal, she brings one assignment of error, urging first, the excessiveness of the sentence and second, the improper imposition of consecutive sentences. For the reasons expressed, we affirm.
The forgeries involved were part of a large number of checks that had been stolen from local businesses between October 1979 and July 1981. In a very professional *1161 manner, using check writers and check protectors, the numerous checks were filled out in amounts between $167.63 and $517.13, made payable to one of five different payees, and forged with the drawer's signature. The forged checks were then cashed at various retail stores and banks in the Monroe and Ruston, Louisiana area.
Bertha Nelson was arrested in a Wal-Mart store in Ruston on 17 July 1981, while attempting to cash one of the checks, made payable to and indorsed by defendant in the name of Vivian Kelley. Ms. Nelson pled guilty to one count of forgery and was sentenced to three years at hard labor.
The police forwarded seventy-nine forged instruments they had recovered to the FBI for fingerprint analysis. The FBI found Ms. Nelson's fingerprints or palmprints on thirteen of the items. The federal handwriting analysts found that one particular payee's name had definitely been forged by Ms. Nelson and that the other payees' signatures had significant characteristics in common with Ms. Nelson's handwriting.
State authorities subsequently charged Ms. Nelson with the thirteen counts of forgery. By amended bill of information, the number of charges was reduced to five. Because a key state witness was unable to attend the trial, the prosecution dismissed one count; the six-member jury acquitted her on one count but found her guilty on the remaining three.
Part of the transcript forwarded to us consists of Ms. Nelson's rather extensive petition and memorandum for habeas corpus, alleging ineffective assistance of counsel, and prepared by a "paralegal clerk" inmate at Angola. The trial court, ruling on this petition, found that the allegations of improper trial representation were entirely groundless, or fabricated. The trial court proceeded to note, however, the possibility that Ms. Nelson's appointed counsel had been remiss in prosecuting her requested appeal. On the authority of State v. Seiss, 428 So.2d 444 (La.1983), this court issued an order for the out-of-time appeal which is before us now.

ISSUE NO. 1: Consecutive sentences.
Appellant contends that imposition of consecutive sentences was a violation of LSA-C.Cr.P. art. 883, which provides in part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. * *
Appellant's position is that the individual acts of forgery were part of a common scheme or plan since they were all perpetrated "in the same manner, with the same bank account and checks," and should consequently have generated concurrent sentences. This argument lacks merit.
While we agree that the charged offenses were part of a scheme or plan, as the trial court found, R. p. 99, we find them separate and distinct enough to justify consecutive sentences. Different acts of forgery, perpetrated very close in time and pilfering from the same account, may qualify for imposition of consecutive sentences. See State v. Stoner, 438 So.2d 1275 (La. App. 3d Cir.1983), writ denied 444 So.2d 118 (La.1984).
Further, even assuming that the three counts involved were close enough in time and place to be considered "same act" crimes, the trial court is not obligated to mete out concurrent sentences. Article 883 permits the court to impose consecutive sentences if the court "expressly directs" such sentences. We find that the court did expressly direct consecutive sentences. R. p. 101. See State v. Ashley, 463 So.2d 794 (La.App. 2d Cir.1985). Although the trial court did not specifically address his remarks to the issue of consecutivity, it was not essential for him to do so. State v. Lewis, 445 So.2d 195 (La.App. 3d Cir.1984), writ denied 446 So.2d 1231 (La.1984). It is sufficient for the trial court to enunciate the appropriate factors in conjunction with the general sentencing guidelines of LSA-C.Cr.P. *1162 art. 894.1. State v. Ashley, supra. We find the trial court to have done so when he noted the apparent scheme, the involvement of confederates, and the large number of forgeries involved. These factors, together with her prior conviction for the same crime, made continued criminal activity more likely and counseled longer incarceration. R.p.p. 99, 100.
Finally, we are unable to perceive any manifest abuse of discretion in the imposition of consecutive sentences here. State v. Molinario, 400 So.2d 596 (La.1981).
This argument lacks merit.

ISSUE NO. 2: Excessiveness of sentences.
Appellant contends her sentence, though within the statutory limits, is constitutionally excessive. LSA-Const. Art. I § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). The trial court must comply with the mandatory guidelines of LSA-C. Cr.P. art. 894.1 and individualize the sentence by stating for the record the considerations taken into account and their factual bases. State v. Jones, 381 So.2d 416 (La.1980). It is axiomatic that the trial court has great discretion in imposing sentences and we will not upset one absent clear abuse of this wide discretion. State v. Trahan, 425 So.2d 1222 (La.1983).
The trial court need not articulate every aggravating and mitigating circumstance outlined in article 894.1, provided he adequately considers these guidelines in particularizing the sentence to the defendant. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983) writ denied 439 So.2d 1074 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The trial court felt that further criminal conduct was likely without a period of incarceration, given the extensive evidence of a burglary and forgery crime ring. The trial court also noted the possible mitigating factors. First, there was no physical harm done to any of the "victims" of the crime. Appellant's conduct was not without effect, however, as two salesclerks who had cashed appellant's bogus checks had almost lost their jobs, and one of them had taken a cut in salary to make up the loss. The other mitigating factors did not apply. There was no provocation or inducement by the victims; Ms. Nelson had made no effort to compensate the victims; she even admitted a significant record of criminal activity, including a prior forgery conviction in Arkansas. Finally, the trial court felt that a lesser sentence would deprecate the seriousness of the crime.
Ms. Nelson's potential exposure for violation of LSA-R.S. 14:72 was thirty years, with or without hard labor, and a fine of $15,000. The total sentence imposed was eighteen years at hard labor. Although the sentence is long, it is considerably less than her maximum exposure and it does not preclude the possibility of parole. This extended period of imprisonment does not seem needless and purposeless, but rather appears necessary to negate future involvement in similar criminal schemes. In light of all these circumstances, the sentence is commensurate with the offense and does not shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Bosley, 454 So.2d 1245 (La.App. 2d Cir. 1984).
This argument lacks merit.
Accordingly, appellant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.