_[¿DREW, J.
The state charged that Margaret Johnson committed fifteen instances of forgery, violations of La. R.S. 14:72, each count punishable by a fine of not more than $5,000, and imprisonment with or without hard labor for not more than ten years, or both. The parties entered into a plea bargain under which the defendant agreed to plead guilty to the first two counts and to make restitution to all the victims in exchange for the state’s dismissal of the remaining thirteen charges.
The court imposed consecutive sentences of ten years at hard labor on each count. Defendant filed motions for reconsideration of sentence through counsel as well as pro se, all of which the court denied. Both motions alleged merely that the sentence was excessive. Defendant now argues here that the sentences are excessive and that the court erred in directing them to be served consecutively. We find that the district court made an adequate record of its reasons for ordering the sentences to be served consecutively. Accordingly, we affirm.
In January 2002, defendant stole a checkbook from the house of an acquaintance, whose name she forged on fifteen *348 separate checks. Defendant cashed the checks at various businesses in the Minden area, all on the same day. The checks ranged in value from $31 to $153 and totaled $870.53. Defendant confessed when confronted. The two checks to which she pled guilty were cashed by one victim in the amounts of $50 and $66.
When a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Constitutional [ 2review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Prior to imposing sentence, the trial court reviewed a pre-sentencing (“PSI”) report, noting that the 41-year-old defendant had pled guilty to only two of fifteen forgery counts charged, cumulatively involving eight victims. Her lengthy criminal history reflected five theft convictions, plus convictions for possession of drug paraphernalia and forgery. There were additional previous arrests for simple burglary, accessory to burglary, three other thefts, two other forgeries, and possession of cocaine. Defendant denied several of the convictions, claiming they were from someone else’s record.[1] She had pending charges of possession of cocaine and possession |sof a firearm by a convicted felon. Perhaps most damning, her parole had been revoked four times. The court found there was no justification or mitigation for her behavior, and that any lesser sentence would deprecate the seriousness of the offense. The court noted there was no expression of remorse from the defendant, who had not made any attempt to make restitution to the victims.
The record, including the immense benefit from the plea bargain and the defendant’s criminal history to which she admits, supports the imposition of maximum sentences in this case. However, when two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment normally shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883.
It is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. Robinson, 33,921 (La.App.2d Cir.11/1/00), 770 So.2d 868; State v. Coleman, 32,906 (La.App.2d Cir.4/5/00), 756 So.2d 1218, writ denied, 00-1572 (La.3/23/01), 787 So.2d 1010. Concurrent sentences arising out of a single cause of conduct are not mandatory, State v. Nelson, 467 So.2d 1159 (La. *349 App. 2d Cir.1985), and consecutive sentences under those circumstances are not necessarily excessive. State v. Williams, 445 So.2d 1171 (La.1984); State v. Pickett, 628 So.2d 1333 (La.App. 2d Cir.1993), writ denied, 94-0348 (La.5/20/94), 637 So.2d 476; State v. Mills, 505 So.2d 933 (La.App. 2d Cir.1987), writ denied, 508 So.2d 65 (La.1987).
14Although La. C. Cr. P. art. 883 favors the imposition of concurrent sentences for crimes committed as part of the same transaction or series of transactions, a trial court retains the discretion to impose consecutive penalties in cases in which the offender’s past criminality or other circumstances in his background justifies treating him as a grave risk to the safety of the community. State v. Walker, 00-3200 (La.10/12/01), 799 So.2d 461; State v. Feaster, 36,868 (La.App.2d Cir.3/5/03), 840 So.2d 675.
As this court has stated:
Among the factors to be considered are the defendant’s criminal history; the gravity or dangerousness of the offense; the viciousness of the crimes; the harm done to the victims; whether the defendant constitutes an unusual risk of danger to the public; defendant’s apparent disregard for the property of others; the potential for defendant’s rehabilitation; and whether defendant has received a benefit from a plea bargain.
State v. Coleman, 32,906 (La.App.2d Cir.4/5/00), 756 So.2d 1218, 1247-48. Citations omitted.
When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. State v. Green, 614 So.2d 758 (La.App. 2d Cir.1993). A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record. State v. Strother, 606 So.2d 891 (La.App. 2d Cir.1992), writ denied, 612 So.2d 55 (La.1993); State v. Thompson, 543 So.2d 1077 (La.App. 2d Cir.1989), writ denied, 551 So.2d 1335 (La.1989).
Here, the totality of defendant’s criminal history, even accepting her denials, is massive. The district court sufficiently articulated adequate | ¡^reasons for the sentences to be served consecutively. We affirm both the convictions and the sentences.
DECREE
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED.

. Defendant claimed someone else with the same name committed the 1988 theft and burglary; the 1989 forgery, possession of drug paraphernalia, attempted misdemeanor theft, and simple burglary; and the 1990 theft. She conceded having convictions in 1990 for forgery, in 1994 for misdemeanor theft, and in 1977 for misdemeanor theft.