STONE, J.
11A jury convicted the defendant, Kenneth Paul Jones, of two counts of forgery, in violation of La. R.S. 14:72, Jones was sentenced to 10 years at hard labor on each count, with the sentences to be served consecutively. For the following reasons, we affirm Jones’ convictions, vacate the sentences imposed and remand to the trial court for resentencing with instructions that Jones’ two sentences be served concurrently.
FACTS
Eliza Jones (“Eliza”) ordered a bqjc of personal checks from Sabine State Bank but failed to receive them by mail. After contacting the bank, Eliza was told that the checks had been delivered and at least *1000 two of the checks had already been used. Thereafter, Eliza reported the missing checks to the Mansfield Police Department. After further investigation, it was discovered that on March 8, 2015, Kenneth Paul Jones (“Jones”) forged Eliza’s signature in order to cash two checks at Wag-a-Bag convenience store in Mansfield, Louisiana. The checks, dated March 7, 2015, and March 8, 2015, were both made out to Jones for $175.00 each.
On June 4, 2015, Jones was charged by bill of information with two counts of forgery. After a jury trial, Jones was found guilty as charged on both, counts. The trial court sentenced Jones to 10 years at hard labor on each count, with the sentences to be served consecutively.
DISCUSSION
Jones argues the trial court erred in imposing excessive sentences on both counts, particularly in light of the consecutive nature of the sentences. According to Jones, the trial court failed to adequately weigh aggravating and mitigating circumstances pursuant to La. C. Cr. P. art. 894.1.
|2Under La. R.S. 14:72, the penalty for a forgery conviction is a fine of $5000.00, or imprisonment, with or without hard labor, for not more than ten years, or both.
Jones received the maximum sentence for both forgery convictions to run consecutively for a total of 20 years at hard labor. The trial court denied a motion to reconsider sentence filed by counsel, as well as pro se motions to reconsider sentence and amend or modify sentence filed by Jones.
The law regarding reviewing a sentence for excessiveness is well settled.[1] In the instant case, the trial court consid *1001 ered the aggravating and mitigating circumstances of the offenses pursuant to La. C. Cr. P. art. 894.1. While reviewing the presentence investigation, the trial court enunciated that Jones had a total of 26 entries on his criminal record. Prior to the instant offenses, Jones had seven felony convictions and numerous misdemeanor convictions. Concerning his social history, the trial court noted: Jones dropped out of high school in the eleventh grade to serve time for a burglary conviction, but received his GED while incarcerated; Jones is single with five children; and, at the age of 48, Jones has an undocumented work history but claims self-employment as a carpenter and painter.
The trial court concluded that any |amitigating circumstances were substantially outweighed by the aggravating circumstances. In reviewing the sentencing guidelines set forth in La. C. Cr.’ P. art. 894.1, the trial court found that there was an undue risk of Jones committing another crime, that he was in need of correctional treatment most effectively provided by commitment to an institution, and that a lesser sentence would deprecate the seriousness of the offenses.
We find an adequate factual basis to support the trial court imposing 10 years at hard labor on both convictions. After reviewing Jones’ extensive criminal record, the trial court did not abuse its discretion in imposing the individual sentences.
La. C. Cr. P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of' imprisonment shall be served consecutively unless the court expressly directs that [4some or all of them be' served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
It is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. Robinson, 33,921 (La.App. 2d Cir.11/01/00), 770 So.2d 868; State v. Coleman, 32,906 (La.App. 2d Cir.04/05/00), 756 So.2d 1218, writ denied, 00-1572 (La.03/23/01), 787 So.2d 1010. Concurrent sentences arising out of a single course of conduct are not mandatory, State v. Nelson, 467 So.2d 1159 (La.App. 2d Cir.1985), and consecutive sentences, under those circumstances, are not necessarily excessive. State v. Williams, 445 So.2d 1171 (La. 1984); State v. Pickett, 628 So.2d 1333 (LaApp. 2d Cir.1993), writ denied, 94-0348 (La.05/20/94), 637 So.2d 476; State v. Mills, 505 So.2d 933 (La.App. 2d Cir.1987), writ denied, 508 So.2d 65 (La.1987).
When consecutive sentences are imposed, the .court shall state the factors considered and its reasons for the consecutive terms. State v. Johnson, 42,323 (La. App.2d Cir.08/15/07), 962 So.2d 1126, 1136. However, the failure to articulate specific reasons for consecutive sentences does not require a remand if the record provides an adequate factual basis to support consecutive sentences. See State v. Boudreaux, 41,660 (La.App.2d Cir.12/13/06), 945 So.2d 898.
*1002 In State v. Hopson, 35,436 (La.App.2d Cir.12/28/01), 803 So.2d 1090, the defendant took two checks from a family friend, wrote them out to, himself for $60.00 each and cashed them without the friend’s permission. The checks were dated 10 days apart. The defendant was convicted of two counts of forgery, adjudicated a second-felony offender and sentenced to 15 ^years’ imprisonment at hard labor for each count to be served consecutively. On appeal, this court reviewed whether the defendant’s sentences were unconstitutionally excessive. This court noted that the defendant had at least six felony convictions on his criminal record, including convictions for theft, forgery, and access device fraud. After analyzing comparable cases, this court determined that the trial court abused its discretion by sentencing the defendant to two consecutive 15-year sentences. This court explained:
This record does not contain sufficient factors to support consecutive sentences. The two crimes were part of a single course of conduct. The amounts stolen were small. There was no violence and no history of violent crimes. Noteworthy is the victim’s testimony that she would have gladly loaned the money to the defendant. Only after the defendant failed to pay the store were the checks turned over to the district attorney for collection. These were petty crimes arising from the same course of conduct, which the victim testified, caused her minimal harm.
Following the rationale set forth in Hop-son, we find that the record does- not provide an adequate factual basis to support consecutive sentences in the instant matter. Jones’ two convictions arose out of a single course of conduct. The two checks were cashed on the same day, at the same location, and written for small amounts. At trial, the victim testified that she was able to recover the money she lost through her insurance and did not want Jones to go to jail. Further, while Jones does have an extensive criminal history, none of the pri- or felony convictions constitute crimes of violence. Thus, in accordance with relevant law, Jones should have been sentenced to concurrent, rather than consecutive, sentences.
| (¡ERROR PATENT
Our review of the record revealed one error patent. The trial court failed to advise Jones of the time within which to apply for post-conviction relief pursuant to La. C. Cr. P. art. 930.8. The correct time period for Jones to seek post-conviction relief is two years from the date his convictions and sentences become final. We hereby advise Jones that he has two years from the date his convictions and sentences become final to apply for post-conviction relief.
CONCLUSION
For the above reasons, the convictions of Kenneth Paul Jones are affirmed. The sentences are vacated, and this case is remanded to the trial court with instructions that Jones’ two sentences be served concurrently.
CONVICTIONS AFFIRMED. SENTENCES VACATED AND REMANDED FOR RESENTENCING WITH INSTRUCTIONS.

. An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance, so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Laclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.08/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.09/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 2003-3514 (La. 12/13/04), 893 So.2d 7; State v. Thomp *1001 son, 2002-0333 (La.04/09/03), 842 So.2d 330; State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La. App.2d Cir.01/25/12), 86 So.3d 29.