MOORE, J.
The defendant pled guilty to four counts of illegal possession of stolen things valued at over $1,500 (Counts 1-4), each a violation of La. R.S. 14:69(B)(1), and three counts of illegal drug possession, including one count of possession of a Schedule II controlled dangerous substance, Hydrocodone (Count 6), a violation of La. R.S. 40:967(C), and two counts of possession of Schedule IV controlled dangerous substances, Alprazolam and Barbital (Counts 7 & 8), each a violation of La. R.S. 40:969(C). In exchange for his guilty plea, the state agreed to dismiss the charge in Count 5, possession of methamphetamine, and it also agreed not to file a habitual offender bill. Despite the defendant's record of several felony arrests and convictions, he is classified as a second felony offender.
The trial court imposed consecutive three-year sentences at hard labor for each of Counts 1-4, illegal possession of stolen things, and concurrent sentences of two, four and two years at hard labor respectively for Counts 6, 7 and 8, the drug possession offenses. The court ordered the concurrent sentences imposed for Counts 6, 7 and 8 to be served consecutive to the sentences imposed for Counts 1-4. Accordingly, the total sentence initially imposed was 16 years.
Following this sentencing proceeding, the defendant filed a motion to reconsider *1008 sentence. Subsequently, the trial court amended the defendant's sentence solely with regard to Count 3, making that three-year consecutive sentence a three-year sentence running concurrent with the other illegal possession charges. In all other respects, the sentences remained as they were originally imposed. The court specifically noted that Counts 6, 7 and 8 were to be served consecutively to the three consecutive sentences for Counts 1, 2, and 4, of which the three-year sentence for Count 3 would run concurrently. As such, the court noted that the total sentence imposed was now 13 years. The court gave Butler credit for time served, and also amended the original sentence by ordering that Butler undertake substance abuse treatment while incarcerated.
The defendant now appeals his sentence, alleging it is constitutionally excessive. For the following reasons, we affirm Butler's convictions and sentences.
FACTS
The state provided the following factual basis for Butler's guilty pleas:
On May 25, 2016, law enforcement received a complaint from someone named Mabel Butler that Butler was putting items on her property without her consent.[1] Investigating officers found Butler staying in the mobile home on the property. With Mabel Butler's consent, the property was searched. Officers found four pieces of equipment, all reported stolen: a Big Tex trailer, belonging to River Run Dirt Service, reported stolen on May 25, 2016;[2] a John Deere mini excavator, reported stolen on May 19, 2016;[3] a white, enclosed utility trailer, reported stolen on April 7, 2016;[4] and a Kubota mini excavator, reported stolen and already resold to a third party by Butler.[5]
Officers also found, during a search of the mobile home and vehicle on the premises, methamphetamine, hydrocodone, alprazolam and barbital. There were two doses of alprazolam in a total of 66½ tablets.
Butler agreed with the state's recitation of facts and said he was guilty of each of the offenses. The court found a sufficient factual basis for each of the guilty pleas and accepted Butler's guilty pleas to Counts 1, 2, 3, 4, 6, 7 and 8. Count 5 was dismissed. The court ordered a presentence investigation ("PSI").
At the sentencing hearing on July 11, 2017, the court noted that it reviewed the PSI and a letter provided by Butler's attorney, on Butler's behalf, asking the court to consider running all sentences concurrently since none of the offenses were crimes of violence and the drug offenses were for possession, not distribution. Additionally, the defense argued the victim impact was minimal because items were returned to the victims who reported only minimal financial loss. One victim reported he had to replace some lights on his trailer, and the owner of the Kubota excavator reported a loss of potential revenue because the equipment was unavailable for rent.
*1009 The state argued that concurrent sentences would be improper under La. C. Cr. P. art. 883, because the items were stolen at separate times and from separate locations; thus, Butler did not possess the items in one act or as part of one scheme or plan. The state further objected to concurrent sentences in light of Butler's extensive criminal history. Additionally, it pointed out that Butler had resold the stolen Kubota excavator to a third party who never recovered several thousand dollars he gave to Butler as a down payment.
The court reviewed Butler's personal, family, and educational history. Butler, age 36 (at the time of sentencing), was educated through the 11th grade, and had held jobs in a music store, a surveying business and the pipeline industry. Butler reported that he was separated from his wife and that he had three children, ages 11, 10, and 5. Butler admitted that he used marijuana and pain killers, but denied having an addiction.
The court noted that Butler had an extensive list of arrests and convictions. He had not changed his behavior as a result of incarceration, and violated probation. Butler has been a career criminal since attaining the age of majority and had demonstrated a propensity to commit crimes, an unwillingness to learn from his mistakes, a failure to comply with probation, and a disregard for others, their property, and the law.
Butler's criminal history included a November 1999 conviction for possession of cocaine and marijuana, for which he received suspended sentences and probation; his probation was revoked in 2000. In December 1999, he pled guilty to two counts of distribution of cocaine and received a five-year hard labor sentence, with three years suspended. In 2010, he pled guilty to aggravated flight from an officer and possession of marijuana, and was sentenced to 30 days in jail and six months of probation. In 2016, he pled guilty to possession with intent to distribute a Schedule IV controlled dangerous substance and was sentenced to three years at hard labor. In 2011, he pled guilty to resisting an officer by use of force or violence and was sentenced to three years at hard labor with all but six months suspended and three years of probation; probation was revoked in 2012. He also had charges pending for two counts of aggravated criminal damage to property, aggravated assault with a firearm, and possession of a firearm by a convicted felon.
As the court noted, there were some mitigating factors: none of the instant charges were for violent offenses and all of the property had been returned with minimal damage. On the other hand, the court noted that, given his criminal history, there was an undue risk Butler would commit another crime if given probation, and that Butler needed correctional treatment in a custodial environment.
The court sentenced Butler to two years at hard labor for Count 6, possession of hydrocodone, four years at hard labor for Count 7, possession of alprazolam, and two years at hard labor for Count 8, possession of barbital. It ordered these three sentences were to run concurrently.
The court then sentenced Butler to three years at hard labor for each count (Counts 1-4) of illegal possession of stolen things, with those sentences to be served consecutively to each other and consecutively to the other three sentences for the drug-related offenses. The court stated that any lesser sentence would deprecate the seriousness of the offenses. Butler was given credit for time served and advised that he had two years from the date the convictions and sentences became final to seek post-conviction relief.
*1010 Butler filed a motion to reconsider sentence. At a hearing on August 15, 2017, he argued that his sentences were constitutionally excessive, in that the sentences for illegal possession of stolen goods were imposed to run consecutively. He urged that the sentences for Counts 1 through 4 should run concurrently because he possessed the stolen items at one time, in one act or occurrence, as part of one common scheme to buy and sell items. He also argued that two of the stolen items were of a much lesser value than the excavators and that the equipment was returned. In opposition, the state again argued that the sentences imposed were correct.
The court said it was unimpressed that Butler was committing these offenses while raising his children, when Butler knew the criminal justice system and the consequences of committing these crimes. It noted that Butler knew he could not commit these crimes and have his children around and that he could not support his children financially by committing crimes.
Again reviewing Butler's record and PSI, the court found that its reasons for imposing the original sentences remained valid. However, it ordered that the sentence on Count 3 to run concurrently to the other sentences for illegal possession of stolen things, Counts 1, 2 and 4, but consecutively to the sentences in Counts 6, 7 and 8. Additionally, because Butler now admitted to the court that he did have a problem with drug use, the court ordered Butler to receive substance abuse treatment while incarcerated.
Butler filed the instant appeal alleging that his sentences are excessive.
DISCUSSION
On appeal, Butler argues that consecutive sentences for three of the four illegal possession of stolen things convictions were unconstitutionally harsh and excessive. Although he avoided an habitual offender bill by pleading guilty to the charges, the court sentenced him to three-year sentences at hard labor for each stolen item in his possession at the same time and ordered three of the four sentences to be served consecutively despite the fact this incident was one occurrence or transaction, i.e., the four convictions for illegal possession of stolen things constituted a single course of conduct or common scheme.
The state argues that because the items were stolen at separate times, from separate locations and from separate owners, Butler obtained possession of the stolen items at separate times. The trial court only briefly addressed that issue, finding that Butler's possession of the stolen goods was separate and distinct for each offense, thereby warranting consecutive sentences.
In reviewing a sentence for excessiveness, an appellate court first determines whether the trial court considered the sentencing guidelines, and aggravating and mitigating factors, all set forth in La. C. Cr. P. art. 894.1. State v. Nixon , 51,319 (La. App. 2 Cir. 5/19/17), 222 So.3d 123. The court is not required to list every aggravating or mitigating factor present in the case, but the record should reflect the factors that the court considered. Id.
Constitutional review turns on whether the sentence is illegal or grossly disproportionate to the severity of the offense. State v. Scott , 50,920 (La. App. 2 Cir. 11/16/16), 209 So.3d 248, writ denied , 17-0353 (La. 11/13/17), 229 So.3d 478 ; State v. Davis , 50,149 (La. App. 2 Cir. 11/18/15), 181 So.3d 200. A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. Id.
The trial court has wide discretion to impose a sentence within the statutory limits, *1011 and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams , 03-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Diaz , 46,750 (La. App. 2 Cir. 12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Williams , supra ; State v. Free , 46,894 (La. App. 2 Cir. 1/25/12), 86 So.3d 29.
La. C. Cr. P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
Although La. C. Cr. P. art. 883 favors imposition of concurrent sentences for crimes committed as part of the same transaction or series of transactions, the trial court has discretion to impose consecutive sentences where the defendant's criminal history and other circumstances indicate that the defendant is a grave risk to the community. State v. Nixon, supra ; State v. Simpson , 50,334 (La. App. 2 Cir. 1/13/16), 186 So.3d 195. However, concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. State v. Hebert , 50,163 (La. App. 2 Cir. 11/18/15), 181 So.3d 795 ; State v. Robinson , 49,677 (La. App. 2 Cir. 4/15/15), 163 So.3d 829, writ denied , 15-0924 (La. 4/15/16), 191 So.3d 1034.
The imposition of consecutive sentences for multiple offenses arising from a single act or scheme must be justified by the evidence of record and the trial court must state what factors were considered in reaching the determination to impose consecutive terms. State v. Scott , 50,920 (La. App. 2 Cir. 11/16/16), 209 So.3d 248, writ denied , 17-0353 (La. 11/13/17), 229 So.3d 478 ; State v. Nixon , supra . The trial court should consider the danger and vicious nature of the offenses, the impact on the victims, the defendant's history of criminal acts, the risk the defendant poses to the public, the potential for the defendant's rehabilitation, and the benefit derived from any plea bargain. State v. Simpson , supra . If the record reflects adequate compliance with the sentencing guidelines, the reviewing court must determine whether the sentence imposed is too severe in light of this particular defendant and the circumstances of his or her case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Simpson , supra ; State v. Washington , 46,568 (La. App. 2 Cir. 9/21/11), 73 So.3d 440, writ denied , 11-2305 (La. 4/27/12), 86 So.3d 625.
Failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. State v. Robinson , supra .
In State v. Simpson, supra , the trial court sentenced Simpson to six years at hard labor for each of 10 counts of second degree cruelty to her infant, imposed to run consecutively, for a total of 60 years. This court held that the trial court failed to provide adequate reasons to justify the 60-year sentence for an 18-year-old first-time *1012 offender, who pled guilty as charged without benefit of a plea bargain, who no longer had custody of her twin children and was no longer a danger to them upon release. This court found that the consecutive sentences were disproportionate and vacated the sentences and remanded the case with instructions to run the 10 sentences concurrently.
In State v. Nixon , supra , the defendant was convicted of two counts of distribution of marijuana and one count of distribution of cocaine, after two sales worth a total of $200. This court concluded that the imposition of three 20-year sentences to run consecutively was unconstitutionally excessive because the resulting 60-year sentence was grossly disproportionate to the harm caused by the offenses committed. Id.
In State v. Jones , 50,815 (La. App. 2 Cir. 8/24/16), 201 So.3d 997, writs denied , 16-1746, (La. 6/16/17), 220 So.3d 755, and 16-1775 (La. 9/16/17), 224 So.3d 981, the trial court sentenced Jones to the maximum of 10 years at hard labor on each of two counts of forging checks, stolen from the same victim and cashed at the same location, on the same day. The panel in Jones concluded, however, that the trial court erred by ordering the sentences to be served consecutively, inasmuch as both convictions arose from a single course of conduct, there was minimum harm to the victim who recovered her money, the offenses were nonviolent, and the defendant had no prior felony convictions.
At the time of these offenses, in 2016, La. R.S. 14:69 provided, in pertinent part:
Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. Whoever commits the crime of illegal possession of stolen things, when the value of the thing is one thousand five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
Although Butler does not argue that the concurrent sentences imposed the drug possession offenses in this case are excessive, we note that the sentencing range for possession of hydrocodone, R.S. 40:967(C), is not more than five years at hard labor and a fine of not more than $5,000; the sentencing range for alprazolam and barbital, R.S. 40:969(C), not more than five years with or without hard labor and a possible fine up to $5,000.
On appeal, Butler concedes that the trial reviewed the aggravating and mitigating factors of Art. 894.1. The court noted that Butler was no longer under supervised probation, and the property was returned in good shape with minimal damage, with the exception of lost rental on the equipment asserted by one of the owners. He argues that the court should consider the financial hardship to his three children ages, 11, 10 and 5.
He suggests that the court considered his criminal history as the principal aggravating factor, even though he is classified as only a second felony offender. His main argument, however, is that the four charges of illegal possession of stolen things constituted a single transaction, and therefore the sentences should run concurrently. He also notes that the crimes were not dangerous and the monetary loss to the victims was not substantial.
After review, we conclude that the record shows that the trial court adequately complied with La. C. Cr. P. art. 894.1, and *1013 considered the appropriate factors in determining Butler's sentences. The court adequately particularized the sentences it imposed in light of Butler's history and the offenses involved. The court thoroughly reviewed his personal, educational, work and family information, noting that Butler was 36 years old, had attended school through the 11th grade, had held various jobs, had three small children, and was separated from his wife. Butler admitted he used marijuana and pain killers, and he later admitted an addiction problem for which the court ordered treatment.
The trial court reviewed Butler's PSI, as well as his attorney's letter arguing that concurrent sentences would be appropriate. The court reviewed Butler's prior criminal history, which included convictions for aggravated flight from an officer and resisting an officer by use of force or violence. Additionally, Butler had five prior felony convictions for possession and distribution of controlled dangerous substances. As the court observed, Butler is a career criminal whose record demonstrates disrespect of the law and other people's property, and that he is unwilling to learn from his mistakes or be rehabilitated. Other than the decision to plead guilty, Butler did not demonstrate any remorse or regret. He asked the trial court for leniency in sentencing, in light of his young children; however, the trial court emphasized the seven instant offenses showed his lack of concern for his children's well-being.
The sentences imposed fall within the statutory guidelines. None of the sentences imposed for illegal possession of stolen things were at or near the maximum, and in fact, were substantially less than half the maximum. In fact, with the exception of the four-year sentence in Count 7, possession of alprazolam, all of the sentences were less than half of the maximum available under all the applicable statutes. Additionally, Butler received the benefit of having one offense dismissed and the state's agreement not to file a habitual offender bill. Butler has a history of convictions for possession of controlled dangerous substances, which comprise three of the seven instant offenses, and has twice violated his probation in prior convictions. Butler's record demonstrates his disrespect for the law, his refusal to learn from his mistakes, and his refusal to be rehabilitated. The instant illegal possession offenses are just the latest demonstration of Butler's criminal activities. Under these circumstances, the individual sentences imposed for these seven convictions are not disproportionate to the offenses, do not shock the sentence of justice, and are not constitutionally excessive.
While the trial court did not provide a comprehensive explanation regarding the specific factors considered in ordering the sentence to run consecutively, it did provide a record that sufficiently supports that conclusion. Butler's instant convictions are not crimes of violence, but he has an extensive history of criminal offenses and convictions which include two convictions for crimes of violence involving law enforcement. The stolen items were returned with minimal damage; however, the items were of significant value, ranging from $1,500 to $5,000 to $27,000, and one victim suffered a loss in revenue, while a third party lost thousands in a down payment that he never recovered. Additionally, there was minimal financial loss in this case only because Butler got caught, so to claim credit for this fact is disingenuous.
While Butler may not fall within the group of defendants who are considered a grave danger to the public, none of the sentences were for the maximum allowed by the applicable statutes, and all but one was for less than half the potential sentence.
*1014 Also, the three drug convictions plus one conviction for possessing stolen things were imposed to run concurrently. The imposition of concurrent and consecutive sentences resulting in a total of 13 years imprisonment for these seven convictions is not disproportionate to the crimes.
Also, considering Butler's prior convictions for crimes of violence involving law enforcement; the significant value of the items which he knew were stolen; his propensity for illegally possessing controlled dangerous substances, and the benefit he derived from the plea bargain, the imposition of consecutive and concurrent sentences for these seven convictions does not shock the sense of justice. Accordingly, we conclude that the sentences imposed are not constitutionally excessive.
We have reviewed the entire record and found nothing we consider to be error patent. La. C. Cr. P. art. 920 (2).
CONCLUSION
For the foregoing reasons, we affirm Butler's convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.

Butler's relation, if any, to the complainant was not disclosed.

At sentencing the court noted that the trailer was valued at $5,000.

At sentencing the court noted that the excavator was valued at $27,000.

The state reported that the owner said the actual value of this item is $1,700. Butler agreed that the value was greater than $1,500.00.

The record indicates that the purchaser made a $6,000 down payment toward the purchase of the mini-excavator, but apparently had not taken possession.