Judgment rendered November 30, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,905-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JOHN E. GILCREASE                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 370,505

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Sherry Watters

JAMES E. STEWART, SR.                     Counsel for Appellee
District Attorney

JASON W. WALTMAN
REBECCA A. EDWARDS
Assistant District Attorneys

* * * * *

Before MOORE, STEPHENS, and ROBINSON, JJ.

**MOORE, C.J.**

This is an appeal after remand for resentencing of the defendant, John E. Gilcrease, who complains that as a result of resentencing, he received an unconstitutionally harsher sentence for his conviction for obstruction of justice. After review, we conclude that the sentence imposed is not illegal or constitutionally excessive. We therefore affirm.

## FACTS

Caddo Parish Sheriff's Deputy Joshua Grimes was dispatched to Willis-Knighton South shortly after midnight on May 28, 2019, to investigate a battery committed just hours earlier at a Keithville, Louisiana, residence on May 27, 2019. The victim of the battery, Connie Cliburn, told Dep. Grimes that her boyfriend, John Gilcrease, with whom she had lived for a year, had beaten her several times during the previous day. Gilcrease, the defendant herein, was not present at the hospital.

According to Ms. Cliburn, the beatings began around noon the day before in the travel trailer where the couple lived next to Gilcrease's parents' home. The battering continued until around 10:00 p.m., when she escaped and ran to her sister's home about one mile away.

The dispute allegedly erupted over a marriage license. Although the couple are not married, Gilcrease referred to Ms. Cliburn as his wife; he also referred to each of his previous victims as his wife, but that was the one knot he never actually tied.

Ms. Cliburn said that Gilcrease walked toward her and hit her in the nose with the palm of his hand. Then, when she tried to scream, he shoved socks in her mouth and choked her with his left hand. He told her he would

stop if she would be quiet. He locked the door, preventing her from leaving. Each time she tried to move toward the door, he shoved her to the floor.

Gilcrease told her to get a gun so he could kill her. When she refused, he pinned her down on the bed with his knees on her arms and tied a necktie around her neck. He stuffed socks in her mouth and covered her mouth with his hand while pinching her nostrils shut. He told her he was going to kill her and then kill himself. She said she blacked out. When she came to, he was standing by the front door and told her she was not leaving. He said he did not trust her because she was going to call the police and he would go to jail.

She convinced him to let her take a shower; but when she was getting into the shower, he repeatedly slammed the right side of her face into the wall. After the shower, she asked if she could check on her dog, which was staying at his parents' house; when they went into the house, Gilcrease and his father began arguing. The father told Gilcrease he needed to leave. When Gilcrease went back to the trailer, Ms. Cliburn seized the opportunity to flee on foot to her sister's house, about a mile away. When she arrived there, her sister drove her to the hospital where she was treated for her injuries.

Gilcrease was booked on charges of second degree battery, a violation of La. R.S. 14:34.1 and false imprisonment, a violation of La. R.S. 14:46.

The obstruction of justice charge came a few weeks later while Gilcrease was in jail, when he tried to persuade Ms. Cliburn to recant her story of the incident resulting in the second degree battery charge.

On June 12, 2019, the district court issued a protective order, instructing Gilcrease in open court that he was prohibited from any contact

with Ms. Cliburn, either personally, electronically, by telephone, in writing, or through a third party; he was then returned to the Caddo Correctional Center. The very afternoon that the protective order was issued, he telephoned the victim on her cell phone, ignoring the protective order. He continued to contact the victim on her cell phone some 68 times in the days following, even after Ms. Cliburn warned him not to call her. Additionally, Gilcrease wrote her several letters telling her to recant her statement to police about the incident. In one of the letters, he acknowledged that he was asking her to lie about the battery for which he was charged. He told her he could not live without her, and he would kill himself if she did not take his calls.

The victim told investigators she was terrified of Gilcrease, and she feared that he would get someone to harm her while he was in jail, or that he would harm her after he got out of jail. She said he was manipulative and vindictive.

As a result of the violations of the protective order, the state filed an amended bill of information charging second degree battery, false imprisonment, and violation of a protective order (14 counts), an offense defined by La. R.S. 14:79. Subsequently, a second bill under a different docket number was filed charging Gilcrease of obstruction of justice, in violation of La. R.S. 14:130.1, namely, by "tampering with evidence with specific intent of distorting the results of any criminal investigation."

Gilcrease rejected partial plea offers from the state. However, on the morning of trial, he tried to resurrect the plea offers that he previously rejected. The state refused. Faced with the prospect of a trial, Gilcrease ultimately elected to plead guilty to all the charges without any sentencing

3

agreement, stating that he wanted to spare the victim, Ms. Cliburn, from suffering the stress of having to testify against him.

The court correctly informed Gilcrease of the sentencing ranges for each offense, including the separate obstruction of justice charge, to which he was also pleading guilty, and she properly *Boykinized* Gilcrease before accepting his guilty plea.

Subsequently, the court sentenced Gilcrease to six years at hard labor for the second degree battery conviction and, inexplicably, imposed a statutorily illegal 10-year hard labor sentence for the obstruction of justice conviction. She ordered the two felony sentences to be served concurrently with each other and with the misdemeanor sentences, all with credit for time served.

On appeal, we vacated the illegal 10-year sentence imposed for obstruction of justice and remanded the case for resentencing. *State v. Gilcrease*, 54,122 (La. App. 2 Cir. 11/17/21), 329 So. 3d 1173.

On remand, the court judge imposed a reduced sentence of 4 years (originally 10) at hard labor on the obstruction charge; however, it ordered the sentence to be served *consecutively* to the 6-year sentence imposed for second degree battery. Adding the two sentences together, the result was the same as the original sentence – a 10-year sentence. Gilcrease also complains that the four-year sentence for obstruction of justice is unconstitutionally harsh because it is near the maximum sentence of five years for this grade of the offense under the sentencing provision.

The state argues that the net result from the resentencing is that Gilcrease will serve the same amount of time as the prior sentence. In the original appeal, this court expressly stated that it did not make any

4

determination that the sentence was excessive; however, it was clear that the prior sentencing judge inadvertently sentenced the defendant under the middle grade provision for obstruction of justice that provided a 20-year maximum, instead of under the lower grade, which provided a 5-year maximum. Hence, we concluded only that the sentence was statutorily illegal.

Gilcrease argues that the sentencing court on remand was required not only to impose a lesser term of imprisonment under the statute, but also required to order that the sentence imposed be served concurrently with the other sentences, because the vacated sentence was ordered to be served concurrently at the original sentencing.

*Penalties for Obstruction of Justice*

The penalties of imprisonment for the offense of obstruction of justice have three grades or levels, and the grade is determined by the maximum term of imprisonment for the criminal offense proceeding involving the obstruction of justice by the defendant. In Gilcrease's case, the obstruction of justice involved a criminal proceeding against him for second degree battery. The term of imprisonment for second degree battery is a maximum of eight years with or without hard labor. Because a second-degree battery conviction specifies that the sentence imposed may be "with or without hard labor," the obstruction of justice offense falls under the lowest grade, which provides a maximum term of imprisonment of five years with or without hard labor.

*New Resentencing Hearing*

Because the original sentencing judge no longer sat on the criminal bench, this resentencing matter fell to Judge Don E. Hathaway. Judge

Hathaway held a sentencing hearing in which he reviewed the facts of the case in light of La C. Cr. P. art. 894.1(A) & (B). The court concluded that all three factors of La. C. Cr. P. art. 894.1(A) were applicable, and each requires a sentence of imprisonment if applicable to the instant case. Judge Hathaway further found that several aggravating factors in Art. 894.1(B) applied, including (1) the defendant exhibited deliberate cruelty to the victim; and (6) the offender used threats of or actual violence in the commission of the offense. Factors related to the obstruction of justice included (7) the offender used or caused others to use violence, force, or threats with the intent to influence the institution, conduct, or outcome of the criminal proceedings; and (8) the offender committed the offense in order to facilitate or conceal the commission of another offense. The court found that none of the mitigating factors applied.

The factors mentioned by Judge Hathaway differed from those listed by the previous judge, who listed all three factors in Art. 894.1(A), but only factors (1), (6), and (9) under Art. 894.1(B). The difference is that the factors in Art. 894.1(B) listed by the original judge related only to the second degree battery against Ms. Cliburn, whereas factors (7) and (8) identified by Judge Hathaway are clearly related to the obstruction of justice charge and surely had some role in the sentence he imposed.

After listing these factors, the court imposed a four-year sentence at hard labor to be run consecutively to all other sentences. The court further correctly advised Gilcrease of the time delays to file a motion to reconsider, to file a motion to appeal, and instructed him that he had two years from the date his conviction and sentence become final to file for post-conviction relief.

6

This appeal followed.

## DISCUSSION

Gilcrease's first assignment of error alleges that his constitutional rights were violated when the court reduced the 10-year *concurrent* sentence to a 4-year *consecutive* sentence. First, he argues that since the original 10-year concurrent sentence on the obstruction conviction exceeded the statutory sentencing range, it follows that the reduced 4-year consecutive sentence exceeds the court's statutory sentencing authority because the end result is that the defendant will serve the same 10-year "illegal" sentence.

Second, Gilcrease argues that there is a presumption of vindictiveness by the judge in resentencing by ordering the sentence to be served consecutive to the six-year sentence. However, this argument overlooks that there is no such presumption where a different judge conducts the resentencing. Additionally, there is simply no evidence that the sentencing court was being vindictive.

Third, the defense argues that because there was no change in the actual facts of the case since the initial sentence, the court could not and did not justify imposition of consecutive sentences.

The first illegal sentence and the second, legal sentence are not equivalent. Gilcrease was originally sentenced to a total of 16 years for the two separate felony convictions – 6 years for second degree battery and 10 years for obstruction of justice. The court ordered that the two sentences were to be served concurrently, although they arose out of separate and distinctly different criminal acts by the defendant. On resentencing, Gilcrease was resentenced by a different judge who reviewed the facts, and he independently considered the factors of La. C. Cr. P. art 894.1(A) and

7

(B).  He identified additional aggravating factors related to the obstruction of justice charge, and he sentenced the defendant to four years' imprisonment at hard labor.  This is a statutorily legal sentence that is six years less than the original sentence.  As previously stated, this court never found that the original 10-year sentence was excessive, and expressly pretermitted that assignment.  We concluded only that the sentence was statutorily illegal, as the court had read the wrong grade of punishment in the statute.  While arguably all excessive sentences are illegal, a (statutorily) illegal sentence is not necessarily excessive.  The terms are neither synonymous or interchangeable.

The real issue, then, is whether Judge Hathaway's order that the four-year sentence be served consecutively constitutes an illegal or excessive sentence.

La. C. Cr. P. art. 883 states:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.  In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

The resentencing court was under no obligation to justify imposition of consecutive sentences in this case where the two offenses were not based on the same act.  *State v. Johnson*, 38,001 (La. App. 2 Cir. 2/12/04), 865 So. 2d 346; *State v. Nelson*, 467 So. 2d 1159 (La. App. 2 Cir. 4/3/1985).

Nevertheless, the record shows that the court justified the sentence it imposed by finding aggravating circumstances related to the obstruction of

8

justice conviction. Although Gilcrease contends that the court had no basis to impose a consecutive sentence because "the facts" of the case have not changed," "the findings" of aggravating factors by the court have indeed changed, as identified by Judge Hathaway. Judge Hathaway identified two aggravating circumstances related to the obstruction of justice charge under Art. 894.1, namely (7) subsequent to the offense the offender used threats with the intent to influence the conduct or outcome of the criminal proceedings, and (8) the offender committed the offense (obstruction) in order to conceal or facilitate the commission of another offense (battery).

Finally, Gilcrease argues that the trial court impermissibly imposed an increased sentence upon him on remand, in contravention of *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). He contends this constituted a judicial "vendetta" against him.

In *North Carolina v. Pearce, supra*, the Supreme Court held that neither the double jeopardy provision nor the Equal Protection Clause imposed an absolute bar to a more severe sentence upon a reconviction. However, the court found that the due process clause of the 14th Amendment prohibited increased sentences when the increase was motivated by vindictiveness on the part of the sentencing judge. "And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Id.*

The Supreme Court has clarified its holding in *Pearce* in several subsequent cases. According to these cases, *Pearce* established a prophylactic rule by which a presumption of vindictiveness is deemed to

9

exist when a judge imposes a more severe sentence upon a defendant who successfully exercised his right to appeal or to attack his conviction collaterally. This presumption of vindictiveness may be overcome only by objective information in the record justifying the increased sentence.

That decision, as we have said, was premised on the apparent need to guard against vindictiveness in the resentencing process. *Pearce* was not written with a view to protecting against the mere possibility that, once the slate is wiped clean and the prosecution begins anew, a fresh sentence may be higher for some valid reason associated with a need for flexibility and discretion in the sentencing process. The possibility of a higher sentence was recognized and accepted as a legitimate concomitant of the retrial process.

However, "the presumption of vindictiveness is inapplicable where, as here, different sentencers have imposed the different sentences against the defendant, because a sentence 'increase cannot truly be said to have taken place." *Texas v. McCullough*, 475 U.S. 134, 106 S. Ct. 976, 979, 89 L. Ed. 2d 104 (1986); *State v. Rodriguez*, 550 So. 2d 837 (La. App. 2 Cir. 9/27/89).

Where the presumption does not apply, the defendant may still be entitled to relief, but he must affirmatively prove actual vindictiveness. *Wasman v. United States*, 468 U.S. 559, 104 S. Ct. 3217, 82 L. Ed. 2d 424 (1984); *State v. Rodriguez, supra.*

After review, we find no evidence that the resentencing court was acting vindictively when sentencing Gilcrease and ordering that the four-year sentence for obstruction of justice be served consecutive to the sentence for second degree battery.

This assignment is without merit.

10

In his second assignment, Gilcrease argues that the four-year sentence is unreasonably close to the five-year maximum sentence in this case, and therefore unconstitutionally excessive.

Appellate courts utilize a two-pronged analysis in reviewing a sentence to determine whether it is excessive. First, the record must show that the trial court considered the factors in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. The goal of La. C. Cr. P. art. 894.1 is for the court to articulate the factual basis for the sentence, and not simply mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, *supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

In the second prong of the analysis, the court determines whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A grossly disproportionate sentence shocks the sense of justice when the crime and punishment are viewed in light of the harm done to society. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The trial court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Diaz*, 46,750 (La. App. 2 Cir. 12/14/11), 81 So. 3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams*, *supra*; *State v. Free*, 46,894 (La. App. 2 Cir. 1/25/12), 86 So. 3d 29.

The record shows that prior to imposing sentence, the court carefully reviewed the factors under La. C. Cr. P. art. 894.1. The four-year sentence imposed was within the statutory range for the offense, and the record establishes a factual basis for that sentence.

Furthermore, we find that the sentence is neither constitutionally excessive, nor grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, *supra*; *State v. Bonanno*, *supra*. This sentence

in no way shocks the sense of justice when the crime and punishment are viewed in light of the harm done to society by this type of crime, namely, the brutal physical abuse of women.

Given Gilcrease's repeated display of utter disrespect for the law and the court by repeatedly violating the protective order issued to prevent him from contacting the victim and trying to persuade her to drop the charges against him, this sentence is not excessive.

This assignment is without merit.

## CONCLUSION

Accordingly, for the reasons stated hereinabove, the conviction for obstruction of justice and four-year sentence at hard labor to be served consecutively to all other sentences, is affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**